```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                    5:08CV145-MU-02
```

TIMOTHY SCOTT SMITH, ,    )
    Plaintiff,         )
                     )
    v.                   )
                     )
DAVID EDWARDS, Sheriff of)          <u>O R D E R</u>
 Alleghany County;       )
STEVE COTHREN, Captain;  )
  at the Alleghany Coun- )
  ty Jail;               )
SHANE GLENN, Deputy at   )
  the Alleghany County   )
  Jail; and              )
SUSIE GAMBILL, Alleghany )
  County Clerk of Court, )
    Defendants.          )
_____)

    **THIS MATTER** comes before the Court on Plaintiff's letter-Complaint under 42 U.S.C. § 1983, filed December 17, 2008, and on the Court's own motion. For the reasons stated herein, the Court will declare Plaintiff to be indigent, solely for the purpose of allowing the Court to adjudicate his Complaint; and the Court will dismiss the Complaint.

    As best this Court can decipher from his Complaint, Plaintiff previously was convicted of an offense and placed under the authority of the Wisconsin Department of Correction, Probation and Parole. Plaintiff currently is in the custody of the Alleghany County Jail, and is facing extradition to the State of

Wisconsin for a violation of the conditions of his release.

At some point, Plaintiff filed a Petition for a Writ of <u>Habeas Corpus</u> in the North Carolina court challenging his return to Wisconsin; however, that Petition was denied. On December 15, 2008, Defendant Glenn escorted Plaintiff to the Alleghany County Clerk's Office so that Petitioner could notarize and file a motion to reconsider in his State case. However, on that occasion, Defendant Glenn allegedly advised Plaintiff that Defendant Cothren had directed Glenn not to allow Plaintiff to notarize and/or file any documents unless Cothren first reviewed them. Plaintiff further claims that Defendant Gambill refused to notarize and file the documents.

Based on the foregoing, therefore, Plaintiff asks this Court to enter a protective Order restraining the State of North Carolina from extraditing him to Wisconsin until he can have his motion for reconsideration heard in State court, to direct the Sheriff immediately to escort him to the Alleghany Clerk of Court so that he can notarize and file his motion for reconsideration, and to appoint counsel to assist him in those matters.

However, inasmuch as Plaintiff essentially is seeking to have the Court intervene into his ongoing State Court proceedings, this Complaint fails to state a cognizable claim for relief. Indeed, to the extent that Plaintiff is seeking a means by which to establish that he has not violated the conditions of

his release from Wisconsin, this Court must abstain from interfering with those matters. See Younger v. Harris, 401 U.S. 37 (1971).

On the other hand, even if Plaintiff's State court proceedings are finally concluded, he has not even attempted to exhaust his administrative remedies with respect to the matters involving the Sheriff, Captain and Deputy. Thus, those matters would be subject to dismissal on that basis in any event.

Finally, as has already been noted, even if Plaintiff could state a cognizable claim for relief, the relief which he is seeking is beyond the scope of relief which this Court has authority to grant. Consequently, Plaintiff's Complaint must be dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff is declared indigent and his filing fee is waived solely for the purposes of allowing this Court to consider and dismiss his Complaint; and

2. Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED.**

Signed: December 23, 2008

Graham C. Mullen
United States District Judge